**ROYER v. CAREY et al.** *
No. 1126.

Court of Appeal of Louisiana. First Circuit.
Jan. 24, 1933.

C. V. Pattison and C. H. Love, both of Lake Charles, for appellant.

---

McCoy, Moss & King, of Lake Charles, for appellees.

LE BLANC, J.

Plaintiff presents a claim under the Workmen's Compensation Statute (Act No. 20 of 1914 as amended) for an alleged permanent, total disability. He was employed as a laborer by Thomas Carey, who apparently was engaged in construction work of some sort on the docks at the Port of Lake Charles, and was injured while at work on August 21, 1931. He alleges that he received an accidental blow on his left side which injured him internally, breaking one of his ribs and bruising others, and causing him great pain and suffering.

The Travelers' Insurance Company, which carried Carey's liability insurance, is made a party defendant along with Carey, and judgment is prayed for against them in solido for compensation at the rate of $15.02 per week for a period of four hundred weeks, less whatever payment it will appear has heretofore been made.

The defendants filed a joint answer in which it is admitted that plaintiff suffered a slight accidental injury to his left side while employed as alleged by him, but they deny that he was injured internally or that any of his ribs were broken or bruised and that he suffered any great amount of pain as a result of his injury. They aver that immediately following his injury, plaintiff was placed under the care of a physician and surgeon and was cared for at St. Patrick's Sanitarium in the city of Lake Charles, from August 23, 1931, to August 29, 1931. That he was discharged by the physician as cured on September 6, 1931, and paid all compensation that was due on September 16, 1931.

From a judgment rejecting his demand in the lower court, the plaintiff has appealed.

There is no evidence save plaintiff's own testimony which tends to show that he is incapacitated from doing manual work or hard labor to any appreciable extent, and even he admits that he can plow with a small six-inch walking plow seven or eight hours. He offered the testimony of four doctors as, experts, and all except one, Dr. Leroy Lambert, found nothing about his condition to prevent him from doing ordinary manual labor. They do testify that if he suffered a fracture of a rib as he claims to have, that would have been sufficient to cause disability lasting from five to six weeks. It appears to us, therefore, from this evidence on the part of the plaintiff himself, that the most he could recover would be two or three weeks' compensation in addition to what he has already received, and this provided he is shown to have suffered a broken rib.

Dr. Lambert is the only one of his expert witnesses who says that his rib was fractured. The others, Drs. Goldsmith, Marshall, and Bordelon, are by no means certain that it was. They all found a mass of callous formation at the junction of the ninth rib with the cartilage of the costal arch which they associate with trauma or injury. Their examinations were made a considerable time after plaintiff had been injured and their opinions necessarily were based largely on the history he gave of having received a fracture. It is significant to note, in Dr. Lambert's testimony, an admission to the effect that if the cartilage had been broken from the end of the rib, and which he says is bound to be called a fracture, a clinical examination immediately following the injury would have revealed that condition, and yet we find Dr. Holcomb who made such an examination right after the accident as positive as it seems for a physician to be that there was no such fracture. In order to corroborate his clinical findings, Dr. Holcomb referred the plaintiff to a radiologist, Dr. McKinney, whose X-ray examination also disclosed no fracture of the rib.

As we have had occasion to say before, in cases of this character, we believe that the diagnoses and findings of those physicians who see and attend the injured employee immediately following the accident should be accepted in preference to those of others who only see him several weeks or months thereafter, and whose opinions, for the most part, have to be based on information that is given to them by the patient himself. In this case, Dr. Holcomb's examination seems to have been careful and thorough. Because plaintiff complained of pain more in his left lumbar area, he first considered a probable injury to the left kidney. The usual method of examination revealed nothing suggestive of any trouble there, so he next looked to the thorax for traumatic pleura, but that also was eliminated. It was then that he examined him closely for a fractured rib, had him checked from an X-ray standpoint, and upon all this proving negative, he came to the conclusion that the case was an ordinary traumatic one in which there was just a contusion. He again checked him over a few days before the trial in the district court and found him to be all right.

No reason presents itself why the opinion of one doctor alone that there was a fractured rib should be accepted, in view of the uncertainty of three of plaintiff's own expert witnesses on that point and of the very positive testimony of Dr. Holcomb that there was no fracture.

The district judge came to the conclusion that the compensation already paid the plaintiff covered all the disability that had been proved. We agree with him in his finding, and affirm the judgment rejecting any further demand.